### 43476. McCLELLAND v. ALEXANDER.

PANNELL, Judge. 1. Where, as in the present case, upon motion of the plaintiff, a continuance was had and the case was put upon terms for trial on a day certain and the plaintiff did not appear at the time set and the record discloses no cause for such failure, the court properly dismissed the case for lack of prosecution. A showing of cause for such failure cannot be made by statements contained in the brief filed in this court.

2. "A contract which is against the policy of the law cannot be enforced; such are contracts tending to corrupt legislation or the judiciary, contracts in general restraint of trade, contracts to evade or oppose the revenue laws of another country, wagering contracts, contracts of maintenance or champerty." *Code* § 20-504. "1. The power of the courts to declare a contract void for being in contravention of a sound public policy is a very delicate and undefined power, and, like the power to declare a statute unconstitutional, should be exer-

cised only in cases free from doubt. 2. The authority of the lawmaking power to interfere with the private rights of contract has its limits, and the courts should be extremely cautious in exercising the power to supervise private contracts which the lawmaking power has not declared unlawful." *Equitable Loan &c. Co. v. Waring,* 117 Ga. 599 (44 SE 320, 62 LRA 93, 97 ASR 177). The provisions of *Code* § 20-504 should not be enlarged without convincing and conclusive reasons.

A contract whereby an attorney, the plaintiff here, is employed by another, the defendant here, to assist the other in obtaining acceptance of the defendant's son into the Georgia Air National Guard and a portion of the fee is paid in advance, is not void as against public policy, it not appearing that the attorney was employed to do anything illegal in assisting the son in obtaining acceptance and enlistment. Accordingly, if, as alleged in the answer, the plaintiff failed to perform his part of the contract, recovery may be had of the $200 paid thereon.

3. The dismissal of the plaintiff's petition for lack of prosecution does not carry with it a cross action of a defendant, and where the cross action is submitted to the jury and a verdict rendered in favor of the defendant and against the plaintiff and a judgment entered thereon, this court, in the absence of a transcript of the proceedings including the evidence adduced before the jury, cannot say that the trial court erred in entering such judgment.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

ARGUED MARCH 6, 1968—DECIDED APRIL 3, 1968—
REHEARING DENIED APRIL 22, 1968—CERT. ▮

*J. Ralph McClelland, Jr.,* for appellant.
*George G. Finch,* for appellee.